(No. 30721.—

THOMAS E. CONNELLY, Appellee, *vs.* STEPHEN E. HURLEY *et al.,* Appellants.

*Opinion filed January 19, 1949.*

BENJAMIN S. ADAMOWSKI, Corporation Counsel, (L. LOUIS KARTON, and SYDNEY R. DREBIN, of counsel,) all of Chicago, for appellants.

CLARENCE M. DUNAGAN, and EMMET F. BYRNE, both of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is a direct appeal from a judgment of the superior court of Cook County, quashing the return of appellants, civil service commissioners, to a writ of *certiorari* sued out by appellee. The judgment appealed from reversed a decision of the commission discharging appellee, Thomas E. Connelly, from his position as captain of police of the City of Chicago.

Appellee, with one Drury, a lieutenant of police of the city of Chicago, was engaged by assignment to investigate the murder of one James M. Ragen, which occurred on June 24, 1946. They succeeded in locating three witnesses whose testimony before the grand jury resulted in the indictment of three persons for murder. Later these witnesses recanted their testimony and accused appellee and Drury of coercing them to testify before the grand jury, and investigations of appellee and Drury resulted. By reason of these investigations, appellee and Drury were both indicted for conspiracy to procure a false indictment. Later a *nolle prosequi* was entered by the State's Attorney. Appellee and Drury were called before the grand jury and asked to sign written waivers of immunity and to testify. Both refused to sign the waivers and were not questioned before the grand jury. Thereafter, the police commissioner of the city of Chicago filed charges against appellee and Drury, charging them with conduct unbecoming an officer in refusing to sign the immunity waiver. By stipulation, the charges against both officers were tried together before the commission, acting as a trial board, which made separate findings and decisions finding the two men guilty and discharging them from their positions. On *certiorari* the superior court quashed the return of the commissioners and reversed the decision discharging them.

An analysis of the record in this case reveals that the sole inquiry was whether the appellee was guilty of conduct

238

unbecoming an officer in that he exercised his constitutional right to refuse to waive his immunity from self incrimination. That appellee exercised his right is all that is disclosed by the record, which, in our judgment, presents no constitutional question. The existence of the right is conceded and appellee's right to exercise it is nowhere questioned. The record discloses the appellee did exercise his right effectively, without violation on the part of anyone. Whether his position as a police officer rendered the exercise of his conceded right unbecoming to the position he occupied is a question not within the jurisdiction of this court on direct appeal.

The proceedings and facts disclosed by this record pertaining to appellee before the commission are substantially identical with the case of *Drury* v. *Hurley, post,* p. 243, and we agree with the views as therein expressed.

For the reasons above pointed out, and in conformity with the *Drury case,* we are of the opinion the cause should be transferred to the Appellate Court for the First District.

*Cause transferred.*